Irving H. Saypol, J.
Motion by the defendants for an order dismissing the complaint pursuant to CPLR 3013 for failure to state facts with sufficient particularity and pursuant to CPLR 3211 (subd. [e]) on the ground that indispensable parties have not been joined in the action is denied. This motion is made when the trial is imminent, years after the complaint was served. The court will not entertain a corrective motion made under the guise of an application pursuant to CPLR 3013. In this regard it is noted that pursuant to CPLR 3024, the motions made thereunder, to correct a pleading, must be made within 20 days after service of the challenged pleading. Subdivision 1 of section 1511 of the Real Property Actions and Proceedings Law provides that the person in possession shall be made a party to the action, and when such person claims the right of possession under another, such other person shall also be made a party. Movant urges that the parties in possession in the instant case, alleged owners of record, as well as their grantor, are necessary parties. However, this section was derived from section 501 of the Real Property Law added by the Laws of 1943. In the recommendation and study relating thereto by the Law Revision Committee, the following is stated: “ This section is new, and is added in view of the abrogation of the requirement that plaintiff be in *45 possession. Its purpose is to prevent litigation concerning an interest or estate in land without making the person in possession a party, and the person under whom he claims.” (1943 Report of N. Y. Law Rev. Comm., p. 236.)
Research has failed to disclose any cases determining the legislative intent of the words ‘ ‘ when such person claims the right of possession, or an interest in the real property, under another ” (Real Property Actions and Proceedings Law, § 1511, subd. 1); nevertheless this court is of the opinion, in view of the Law Revision Report, that such was intended to mean a situation where the person in possession has such by virtue of a lease or other permissive user, in which case the title owner or person under whom he claims must also be joined as a party. Finally, there is no merit to the claim that due to the death of the father of plaintiff’s decedent, all of her brothers and sisters must be named as plaintiffs (Real Property Actions and Proceedings Law, § 1501).